**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Gabriela Romo, | No. CV-24-00544-TUC-RM |
| Plaintiff, | **ORDER** |
| v. | |
| State Farm Fire and Casualty Insurance Company, | |
| Defendant. | |

Plaintiffs Gabriela Romo and Carlos Romo Maldonado ("Carlos Romo") filed a Complaint against Defendant State Farm Mutual Automobile Insurance Company ("Defendant" or "State Farm")[1] in Pima County Superior Court, alleging breach of contract and breach of the implied warranty of good faith and fair dealing. (Doc. 1-3.)[2] Defendant removed the action to federal court (Doc. 1) and then filed a Motion to Dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) (Doc. 5). The Motion to Dismiss is fully briefed (Docs. 8, 11, 12), and the Court finds the Motion appropriate for resolution without oral argument.

**I.     Standard of Review**

Dismissal of a complaint, or any claim within it, for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6) may be based on either a "'lack of a cognizable

---

[1] Defendant avers that Plaintiff's Complaint erroneously names State Farm Fire and Casualty Insurance Company when it should instead name State Farm Mutual Automobile Insurance Company. (Doc. 5 at 1 n.1.) The parties should confer regarding correction of the misnomer.
[2] The record citations herein refer to the page numbers generated by the Court's electronic filing system.

legal theory' or 'the absence of sufficient facts alleged under a cognizable legal theory.'" *Johnson v. Riverside Healthcare Sys., LP*, 534 F.3d 1116, 1121 (9th Cir. 2008) (quoting *Balistreri v. Pacifica Police Dep't,* 901 F.2d 696, 699 (9th Cir. 1990)). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* While a complaint need not include "detailed factual allegations," it must contain more than labels, conclusions, "and a formulaic recitation of the elements of a cause of action." *Twombly*, 550 U.S. at 555. In evaluating a Rule 12(b)(6) motion to dismiss, the court must take as true all well-pleaded factual allegations of the complaint and construe them in the light most favorable to the nonmovant. *Cousins v. Lockyer*, 568 F.3d 1063, 1067 (9th Cir. 2009). However, the court need not accept as true legal conclusions that are couched as factual allegations. *Iqbal*, 556 U.S. at 678.

If the Court "considers evidence outside the pleadings" when ruling on a Rule 12(b)(6) motion to dismiss, the Court "must normally convert the 12(b)(6) motion into a Rule 56 motion for summary judgment[.]" *United States v. Ritchie*, 342 F.3d 903, 907 (9th Cir. 2003). The Court "may, however, consider certain materials—documents attached to the complaint, documents incorporated by reference in the complaint, or matters of judicial notice—without converting the motion to dismiss into a motion for summary judgment." *Id.* at 908.

**II.    Plaintiffs' Complaint**

Plaintiffs' Complaint alleges the following.

On February 27, 2023, an uninsured Chevrolet Tahoe owned and driven by Porfirio Moran, Jr. ("Moran") rear-ended a RAV4 owned by Gabriela Romo and driven by her son, Carlos Romo, who at the time was a minor. (Doc. 1-3 at 2-3, 6 ¶¶ 5, 7-9, 30.) The force of the collision propelled the RAV4 forward, causing it to collide with the

vehicle in front of it.  (*Id.* at 3 ¶ 10.)  As a result of the collision, Carlos Romo suffered whiplash; injuries to his torso, back, and legs; and severe head injuries, including a concussion.  (*Id.* at 3-5 ¶¶ 13-16, 20-24.)  The RAV4 was totaled beyond repair.  (*Id.* at 5 ¶ 25.)

Plaintiffs filed a complaint against Moran in Pima County Superior Court case number C20232995 ("PCSC No. C20232995").  (*Id.* at 5 ¶ 27.)  Moran did not answer or otherwise respond to the complaint, and Plaintiffs applied for default on August 21, 2023.  (*Id.* at 6 ¶¶ 29-30.)  Pima County Superior Court Judge Michelle Metzger held a hearing and thereafter issued a default judgment awarding $37,914.00 to Gabriela Romo for loss of her automobile and the cost of a car rental; $3,780.00 to Gabriela Romo for expenses she incurred for Carlos Romo's medical treatment; $50,000 to Carlos Romo for present and future compensatory damages for his injuries; and $50,000 to Carlos Romo for pain, suffering, and emotional distress.  (*Id.* at 6-8 ¶¶ 32-33, 35.)  Gabriela Romo notified Defendant, her insurance carrier, of the judgment obtained in PCSC No. C20232995, and she demanded payment under the Uninsured Motor Vehicle ("UM") provisions of her insurance policy.  (*Id.* at 8 ¶ 36.)  Defendant denied payment and argued the matter had to be submitted to arbitration.  (*Id.* at 8-9 ¶ 37.)  The parties exchanged a series of letters and emails but were unable to resolve their disagreements.  (*Id.* at 9 ¶ 38.)

Plaintiffs allege that the UM provisions of Gabriela Romo's insurance policy provided coverage for the February 27, 2023 collision, that Gabriela Romo complied with all provisions of the policy, that Defendant breached the policy by refusing to pay the default judgment that Plaintiffs obtained against Moran in PCSC No. C20232995, and that Defendant's conduct breached the implied covenant of good faith and fair dealing.  (*Id.* at 12, 14 ¶¶ 46-48, 52-53.)  Plaintiffs ask the Court to award damages in the amount of the default judgment they obtained against Moran, and to issue a declaratory judgment that, pursuant to the UM coverage provisions of Gabriela Romo's insurance policy, "Defendant State Farm was required to either pay Plaintiffs or proceed to State or Federal court to allow a jury determination of the payment to be made[.]"  (*Id.* at 13-19.)

### III. Gabriela Romo's Insurance Policy[3]

Gabriela Romo's insurance policy provided, in relevant part, collision coverage, car rental expense coverage, and UM coverage. (Doc. 5-1 at 2.) The policy's UM provisions state, in relevant part:

> We will pay compensatory damages for bodily injury an insured is legally entitled to recover from the owner or driver of an uninsured motor vehicle.
> . . . .
> The insured and we must agree to the answers to the following two questions:
> (1) Is the insured legally entitled to recover compensatory damages from the owner or driver of the uninsured motor vehicle?
> (2) If the insured and we agree that the answer . . . is yes, then what is the amount of the compensatory damages that the insured is legally entitled to recover from the owner or driver of the uninsured motor vehicle?
> . . . .
> We are not bound by any:
> a. judgment obtained without our written consent; and
> b. default judgment against any person or organization other than us.

(*Id.* at 23 (emphasis omitted).)

The original policy provides that, in the event of a lack of agreement on the insured's legal entitlement to compensatory damages and/or a lack of agreement on the amount of compensatory damages, the insured shall file a lawsuit against State Farm within three years of providing notice of the UM coverage claim. (*Id.*) An "Amendatory Endorsement" alters this procedure to require arbitration upon written request of the insured or State Farm. (*Id.* at 7.)

### IV. Discussion

Defendant argues that, based on the terms of Gabriela Romo's insurance policy and Plaintiffs' failure to give Defendant sufficient notice of the lawsuit against Moran,

---

[3] The insurance policy is incorporated by reference in Plaintiffs' Complaint, and therefore the Court may consider it without converting Defendant's Rule 12(b)(6) Motion to Dismiss into a summary judgment motion. *See Ritchie*, 342 F.3d at 908. The Court notes that the policy attached to Defendant's Motion to Dismiss has an effective period of November 19, 2021 to May 19, 2022 (Doc. 5-1 at 4), and Plaintiffs allege the automobile collision at issue occurred on February 27, 2023 (Doc. 1-3 at 2 ¶ 5). However, there appears to be no dispute between the parties that Defendant was Gabriela Romo's insurance carrier at the time of the accident, and that the relevant terms of the insurance policy effective at the time of the accident were identical to those set forth in the policy attached to Defendant's Motion to Dismiss. (*See* Doc. 8-1 at 33.)

Defendant is not bound by the default judgment that Plaintiffs obtained against Moran. (Doc. 5 at 6-8.) Defendant further argues that the insurance policy's UM coverage does not apply to property damage claims, and that the default judgment against Moran does not trigger the policy's first-party collision coverage. (*Id.* at 8-11.) Defendant contends that, because Plaintiffs' claims are premised on faulty legal theories, the Complaint fails to state a claim under Federal Rule of Civil Procedure 12(b)(6) and should be dismissed. (*Id.* at 11-12.)

Plaintiffs argue in their Response that, under Arizona's Financial Responsibility Act and notwithstanding any policy language to the contrary, Defendant is bound by the default judgment against Moran—including the award of property damages. (Doc. 8 at 9-13.) Plaintiffs also assert that they provided Defendant with notice of the lawsuit against Moran (*id.* at 11-12), and they submit evidence to support that assertion (*see* Doc. 8-1). Plaintiffs state in their Response that Defendant has already paid Gabriela Romo $30,471.54 for collision coverage, and they assert that she is owed the difference between the default judgment's personal property award and the amount already paid. (Doc. 8 at 13.)[4]

In its Reply, Defendant argues that Plaintiffs conflate the Financial Responsibility Act, which governs third-party liability insurance, with the Uninsured Motorists Act, which governs first-party UM insurance. (Doc. 11 at 6-8.) Defendant also contends that Plaintiffs should have provided notice of the default proceedings against Moran, and that "[s]imply telling an adjuster at State Farm that you filed a lawsuit . . . does not provide fair notice[.]" (*Id.* at 2-4.) Defendant asserts that first-party benefits for loss of vehicle use and property damage fall within the collision coverage of Gabriela Romo's insurance policy rather than the UM coverage; that Plaintiffs may submit a claim to Defendant for car rental expenses if they have not already done so; and that Plaintiffs are compelled under the insurance policy to demand appraisal if they dispute the amount that Defendant

---

[4] In contrast, Plaintiffs' Complaint contains no allegations regarding any amounts paid by Defendant and requests the full amount set forth in the default judgment for property loss and car rental expenses. (*See, e.g.*, Doc. 1-3 at 13 ¶ 50.)

- 5 -

paid for the cash value of the RAV4. (*Id.* at 9-10.)

Plaintiffs seek leave to file a Surreply challenging Defendant's position regarding the adequacy of notice and arguing that Arizona's Financial Responsibility Act applies to UM coverage. (Doc. 12; Doc. 12-2.)[5]

Plaintiff relies primarily on *Schecter v. Killinsworth*, 380 P.2d 136 (Ariz. 1963), *Jenkins v. Mayflower Insurance Exchange*, 380 P.2d 145 (Ariz. 1963), and *Sandoval v. Chenoweth*, 428 P.2d 98 (Ariz. 1967). (*See* Doc. 8 at 6-13.) All three cases address Arizona's Financial Responsibility Act, which requires drivers to carry liability insurance.[6] None of the cases address UM coverage, nor do they address a contractual provision like the one at issue here, providing that an insurer is not bound by a default judgment obtained against an uninsured motorist. Although *Sandoval* did involve an underlying default judgment, the case is distinguishable: in the underlying default judgment action in *Sandoval*, the plaintiff sued the defendant for injuries and damages sustained in an automobile collision, the defendant failed to notify its insurer of the lawsuit, and the plaintiff obtained a default judgment which the defendant's insurer was then obligated to pay under the insurance contract. 428 P.3d at 100-02. *Sandoval* would be analogous if Plaintiffs here were attempting to collect liability insurance from Moran's insurer after obtaining a default judgment against Moran. But that is not the case; instead, Plaintiffs are attempting to collect under the UM coverage provisions of Gabriela Romo's insurance policy, and those provisions state that Defendant is not bound by a default judgment obtained against the owner or driver of an uninsured vehicle.

In *Francisco v. State Farm Mutual Automobile Insurance Company*, the court

---

[5] Defendant opposes Plaintiff's request to file a surreply. (Doc. 13.) The Court will grant Plaintiff's Motion for Leave to File Surreply to the extent the Court has considered the arguments raised in the attached Surreply.

[6] Plaintiffs' argument that A.R.S. § 28-4009(C)(5)(a) applies to UM coverage is contradicted by the clear language of the statute, which provides: "The liability of the insurance carrier **with respect to the insurance required by this chapter** becomes absolute when injury or damage covered by the motor vehicle liability policy occurs . . . and . . . a violation of the policy shall not defeat or void the policy." A.R.S. § 28-4009(C)(5)(a) (emphasis added). The provision is part of the Financial Responsibility Act, Chapter 9 of Title 28 of the Arizona Revised Statutes, which, as discussed above, requires drivers to carry liability insurance.

- 6 -

addressed the same UM coverage provision that is at issue here and observed that it is unclear whether the provision is void as a matter of public policy under Arizona law. No. 3:14–cv–8111-JWS, 2015 WL 4594506, at *4-5 (D. Ariz. July 29, 2015). The Court noted the majority rule in other jurisdictions that an insurer is bound by a default judgment in an underlying action against a tortfeasor notwithstanding policy language to the contrary, but only if the insurer had notice and an opportunity to intervene in the underlying action against the tortfeasor. *Id.* at 5. The court then held that, even if Arizona were to adopt the majority rule, the plaintiffs had not provided their insurer with sufficient notice of the underlying lawsuit against the tortfeasor and therefore the insurer was not bound to the default judgment obtained in the underlying lawsuit. *Id.*

In *Francisco*, the court was addressing a summary judgment motion. *See id.* at 5. Here, the Court is addressing a Rule 12(b)(6) Motion to Dismiss. In their briefs, the parties have made various assertions regarding the notice provided by Plaintiffs to Defendant of the proceedings in PCSC No. C20232995, and Plaintiffs have presented evidence on that issue. The Court cannot consider Plaintiffs' evidence without converting the Rule 12(b)(6) Motion into one for summary judgment under Rule 56, and the Court declines to do so, because discovery in this action has not commenced and a motion for summary judgment is premature. Accordingly, even if the Court were inclined to adopt the rule applied in *Francisco*, the issue of whether Plaintiffs provided Defendant with sufficient notice of the proceedings in PCSC No. C20232995 is one that must be resolved after discovery, either on summary judgment or at trial.[7] Defendant's Motion to Dismiss will be denied as premature to the extent it seeks a ruling that Defendant is not bound by the default judgment in PCSC No. C20232995.

Furthermore, even if Defendant is correct that it is not bound by the default judgment that Plaintiffs obtained against Moran in PCSC No. C20232995—whether due to the language of the insurance policy or a lack of sufficient notice—this does not

---

[7] The Court notes that the rule adopted in *Francisco* requires only notice of the underlying lawsuit rather than notice of the commencement of default proceedings in the underlying lawsuit, *see* 2015 WL 4594506 at *5, and that Defendant has cited no authority in support of its contention that notice of default proceedings is required.

- 7 -

require dismissal of Plaintiffs' claims for breach of contract and breach of the implied covenant of good faith and fair dealing. Plaintiffs' Complaint is reasonably construed as alleging that Defendant breached the UM coverage provisions of Gabriela Romo's insurance policy by failing to pay for compensatory damages for bodily injury that Plaintiffs are legally entitled to recover against Moran, and that Defendant's handling of the matter breached the implied covenant of good faith and fair dealing. (*See* Doc. 1-3 at 11-12, 14 at ¶¶ 43, 45-48, 52-53; *see also* Doc. 5-1 at 23.)[8] Defendant does not dispute in its Motion to Dismiss that Gabriela Romo had a valid State Farm insurance policy with UM coverage at the time of the February 27, 2023 collision, that Plaintiffs are legally entitled to recover compensatory damages from Moran for physical injury caused by the collision, and that Moran was driving an uninsured vehicle at the time of the collision. (*See generally* Doc. 5.) Indeed, Defendant affirms in its Reply that it is not challenging the existence of UM coverage for the loss. (Doc. 11 at 4.)

The parties' dispute centers on whether the default judgment against Moran definitively determines the *amount* of compensatory damages that Plaintiffs are legally entitled to recover pursuant to the UM provisions of Gabriela Romo's insurance policy. Pursuant to the policy, if the parties do not agree as to the amount of compensatory damages the insured is legally entitled to recover from the owner or driver of an uninsured motor vehicle, the insured must either file a lawsuit, under the original policy provisions, or proceed to arbitration under the Amendatory Endorsement. (Doc. 5-1 at 7, 23.) Plaintiffs have filed this lawsuit, and Defendant's Motion to Dismiss does not raise any arguments concerning mandatory arbitration. Even if the default judgment against Moran does not definitively determine the amount owed to Plaintiffs pursuant to the UM coverage of Gabriela Romo's insurance policy, there is no basis to dismiss Plaintiffs'

---

[8] The elements of a breach-of-contract claim under Arizona law are: "(1) the existence of a contract; (2) breach; and (3) resulting damages." *First Am. Title Ins. Co. v. Johnson Bank*, 372 P.3d 292, 297 (Ariz. 2016) (citing *Graham v. Asbury*, 540 P.2d 656, 657 (1975)). Arizona law implies in every contract a "covenant of good faith and fair dealing" which "prohibits a party from doing anything to prevent other parties to the contract from receiving the benefits and entitlements of the agreement." *Wells Fargo Bank v. Ariz. Laborers, Teamsters & Cement Masons Local No. 395 Pension Trust Fund*, 38 P.3d 12, 28 (Ariz. 2002).

claims that Defendant breached the policy and the implied covenant of good faith and fair dealing by refusing to pay any amount under the UM coverage provisions of the policy. Defendant's Motion to Dismiss will be denied to the extent it seeks to dismiss Plaintiffs' Complaint in its entirety.

However, the Court agrees with Defendant that Plaintiffs' claims for property damage must be dismissed. The UM coverage of Gabriela Romo's insurance policy applies only to "compensatory damages for bodily injury." (Doc. 5-1 at 23.) Plaintiffs' claims for property damage and car rental expenses fall under the policy's collision and car rental expense coverage, and Plaintiffs' Complaint does not allege that Defendant violated the collision or car rental expense coverage provisions of the policy.

**IT IS ORDERED** that Defendant's Motion to Dismiss (Doc. 5) is **partially granted and partially denied**. The Motion is **granted** to the extent that the claims for property damage and car rental expenses asserted in Plaintiffs' Complaint (Doc. 1-3) are **dismissed without prejudice**. The Motion is otherwise **denied**, as set forth above.

**IT IS FURTHER ORDERED** that Plaintiffs' Motion for Leave to File Surreply (Doc. 12) is **granted** to the extent the Court has considered the arguments raised in the attached Surreply (Doc. 12-2).

Dated this 19th day of February, 2025.

_____
Honorable Rosemary Márquez
United States District Judge