WO

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Gabriela Romo,<br><br>           Plaintiff,<br><br>v.<br><br>State Farm Fire and Casualty Insurance Company, et al.,<br><br>           Defendants. | No. CV-24-00544-TUC-RM<br><br>**ORDER** |

Defendant State Farm Mutual Automobile Insurance Company removed this action from state court on November 5, 2024 (Doc. 1) and then filed a Motion to Dismiss (Doc. 5). On February 19, 2025, the Court partially granted and partially denied the Motion to Dismiss. (Doc. 14.) Defendant timely filed a Motion for Reconsideration and/or Clarification, seeking reconsideration or clarification of a portion of the Court's February 19, 2025 Order. (Doc. 15.)

On March 4, 2025, Defendant filed a Motion to Compel Arbitration, in which it asks the Court to compel arbitration, dismiss Plaintiff's breach of contract claim, and stay Plaintiff's bad faith claim. (Doc. 17.) Plaintiff filed a Response, asking the Court to deny the Motion to Compel Arbitration as premature because Defendant did not file an answer to Plaintiff's Complaint within the responsive pleading deadline. (Doc. 18.) Plaintiff then filed a Motion for Entry of Default, asking the Clerk to enter default against Defendant. (Doc. 20.)  In its Response to Plaintiff's Motion for Entry of Default, Defendant argues that entry of default would be improper because Defendant has been

active in this case from the outset and filed a Motion to Compel Arbitration that seeks dismissal of one of Plaintiff's claims and a stay of the other. (Doc. 21.) In the alternative, Defendant asks the Court to set aside default and allow it to file a proposed Answer that is attached as an exhibit to its Response. (*Id.*; Doc. 21-1.)

If a defendant fails "to plead or otherwise defend, and that failure it shown by affidavit or otherwise, the clerk must enter the [defendant's] default." Fed. R. Civ. P. 55(a). The plaintiff may thereafter apply for a default judgment. *See* Fed. R. Civ. P. 55(b).

Pursuant to Federal Rule of Civil Procedure 12(a)(4), Defendant's answer was due on March 5, 2025—14 days after this Court's resolution of Defendant's Motion to Dismiss. Defendant did not file an answer by that date, but it filed the pending Motion to Compel Arbitration on March 4, 2025. A motion to stay proceedings pending arbitration "is not expressly included in the list of defenses that extend the amount of time necessary to file an answer to a complaint." *Ellison Framing, Inc. v. Zurich Am. Ins. Co.*, 805 F. Supp. 2d 1006, 1012 (E.D. Cal. 2011). "However, federal courts have authority to hear certain pre-answer motions that are not expressly provided for by the rules." *Id.* (internal quotation marks omitted). "Included among these are motions to stay proceedings pending arbitration." *Smith v. Pay-Fone Sys., Inc.*, 627 F. Supp. 121, 122 (N.D. Ga. 1985). Given that Defendant's Motion to Compel Arbitration requests the dismissal of one of Plaintiff's claims and a stay of the other, and in light "of the strong federal policy favoring resolution of disputes on the merits," *id.* at 123, the Court will deny Plaintiff's Motion for Entry of Default and exercise its discretion to resolve Defendant's Motion to Compel Arbitration prior to requiring Defendant to file an answer to Plaintiff's Complaint.

Plaintiff's Response to Defendant's Motion to Compel Arbitration focuses entirely on the timing of the Motion and Defendant's failure to file an answer. (Doc. 18.) Plaintiff has not responded to Defendant's substantive arguments concerning whether the insurance policy at issue mandates arbitration of Plaintiff's uninsured motorist claim.

The Court will require Plaintiff to file a supplemental response to the Motion to Compel Arbitration that addresses the substantive arguments raised within that Motion.

The Court will also require Plaintiff to file a response to Defendant's Motion for Reconsideration and/or Clarification (Doc. 15). *See* LRCiv 7.2(g)(2) ("No response to a motion for reconsideration and no reply to the response may be filed unless ordered by the Court"). In the response, Plaintiff shall address, at a minimum, the following issues:

> (1) whether the anti-default provision in the applicable insurance policy—stating that Defendant is not bound by a default judgment against another person or organization—is enforceable under Arizona law; and
> (2) whether the Court should reach the issue of the enforceability of the anti-default provision (a) prior to compelling arbitration, if the Court is inclined to grant Defendant's Motion to Compel Arbitration, or (b) prior to the summary judgment stage, if the Court is inclined to deny Defendant's Motion to Compel Arbitration.

**IT IS ORDERED** that Plaintiff's Motion for Entry of Default (Doc. 20) is **denied**.

**IT IS FURTHER ORDERED** that Defendant's Motion to Set Aside Default (Doc. 21) is **denied as moot**.

**IT IS FURTHER ORDERED** that Plaintiff must file a supplemental response to Defendant's Motion to Compel Arbitration (Doc. 17) within **fourteen (14) days** of the date this Order is filed. Defendant may file a supplemental reply within **seven (7) days** of service of Plaintiff's supplemental response.

**IT IS FURTHER ORDERED** that Plaintiff must file a response to Defendant's Motion for Reconsideration and/or Clarification (Doc. 15) within **fourteen (14) days** of the date this Order is filed, addressing at a minimum the issues set forth above. Defendant may file a reply within **seven (7) days** of service of Plaintiff's response.

Dated this 13th day of May, 2025.

_____
Honorable Rosemary Márquez
United States District Judge